1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

12

13

14

15

16

| | |
|---|---|
| LOREN L. SCHADEMAN, JR., <br><br> Plaintiff, <br><br> v. <br><br> EXTRADITION TRANSPORT OF AMERICA and BILLY TALOR, <br><br> Defendants. | CASE NO.  C10-5048BHS <br><br> ORDER REGARDING FILING FEE AND APPLICATION TO PROCEED *IN FORMA PAUPERIS* |

17

18

19

20

21

22

23

24

25

26

This matter is before the court after the Clerk of the Court received a Complaint from plaintiff without a complete application to proceed in forma pauperis.  Doc. 1.

On February 9, 2010, the Clerk wrote a letter to plaintiff explaining the application was incomplete due to plaintiff's failure to submit a certified copy of his prison or jail savings account.  The Clerk also explained that plaintiff failed to submit the proper information and documents needed for service of the complaint.  Plaintiff was directed to cure these deficiencies by not later than March 11, 2010.  Doc. 2.  Plaintiff has failed to comply with the Clerk's instructions.

The court has reviewed the record, including plaintiff's Complaint.  In addition to the deficiencies described above, the complaint is deficient and must also be cured.  Otherwise, the matter should be summarily dismissed.

The Complaint appears deficient due to a lack of jurisdiction and improper venue.  The term "jurisdiction" generally refers to a court's power to hear a case.  "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantive justice.'"  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir.2004) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  The Ninth Circuit has held that for purposes of determining minimum contacts, "courts must examine the defendant's contacts with the forum at the time of the events underlying the dispute."  Steel v. United States, 813 F.2d 1545, 1549 (9th Cir.1987).

Venue is governed by 28 U.S.C. §1391.  Section 1391(b) provides that venue in a civil action "wherein jurisdiction is not founded solely on diversity of citizenship" is proper in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Here, the Complaint states plaintiff was transported by defendants from Knox County, Texas to Franklin County Jail, Washington.  Plaintiff alleges Defendant Billy Talor, the owner of Extradition Transport is a resident of Riverside, California.  Presumably this litigation results from alleged injuries that arise out of or relate to defendants' contract to transport plaintiff as a

result of a warrant for his arrest and/or extradition. With all the parties residing outside of this court's jurisdiction (the Western District of Washington), it is not clear that this court has jurisdiction over this matter. It is even less clear that this court is the proper venue to entertain plaintiff's Complaint.

To provide one last opportunity to plaintiff, **by no later than June 1, 2010** plaintiff shall cure the deficiencies noted by the Clerk and explain why this matter should not be summarily dismissed for lack of jurisdiction and/or improper venue. Otherwise, the court will recommend dismissal of the underlying matter as frivolous.

The Clerk is directed to mail plaintiff copies of this Order and the Magistrate Judges' General Order.

DATED this 30th day of April, 2010.

J. Richard Creatura
United States Magistrate Judge

ORDER - 3